IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| PHILLIP ANTHONY HARWOOD, | : | |
| Plaintiff, | : | |
| | : | NO. 5:10-CV-411 (CAR) |
| VS. | : | |
| EVELYN WYNN, | : | |
| | : | Proceedings Under 42 U.S.C. §1983 |
| Defendant. | : | Before the U.S. Magistrate Judge |

## RECOMMENDATION

Before the Court is a Motion to Dismiss filed by Defendant Evelyn Wynn alleging that Plaintiff Phillip Anthony Harwood, among other things, failed to state a claim for which relief can be granted and abused judicial process by providing a dishonest answer in his Questionnaire for Prisoners Proceeding Pro Se Under 42 U.S.C. § 1983. Doc. 13. For the following reasons, it is RECOMMENDED that the Defendant's Motion to Dismiss be GRANTED and that this action DISMISSED.

## FACTUAL AND PROCEDURAL HISTORY

The procedural events leading to the instant action are as follows: In May 1998, Plaintiff was indicted on charges of malice murder, felony murder, two counts of aggravated assault, and two counts of burglary. In June1998, Plaintiff was re-indicted in order to add his correct name. In August 1998, Plaintiff waived arraignment and pled not guilty.

In September 1998, the state filed a notice of intent to seek the death penalty. In response, Plaintiff's attorney filed a motion to bar the state from seeking the death penalty, based on the state's failure to give Plaintiff notice of its intention to seek the death penalty before he waived arraignment. In October 1998, following a hearing on the matter, the trial court issued an order allowing the state to re-arraign Plaintiff and cure the procedural error of filing the death penalty notice after Plaintiff waived arraignment. Plaintiff was re-arraigned in January 1999.

In February 2003, with the assistance of counsel, Plaintiff entered a negotiated plea of guilty to one count of voluntary manslaughter in exchange for his agreement to testify against a co-defendant. The trial court accepted Plaintiff's plea and sentenced him to twenty years confinement. On January 24, 2009, Plaintiff filed a motion for an out-of-time appeal. Following the trial court's denial of the motion, Plaintiff sought review in the Georgia Court of Appeals. After review, in an opinion dated February 23, 2010, the Georgia Court of Appeals affirmed the trial court's decision. Harwood v. State, 303 Ga. App. 23 (2010).

On April 7, 2010, five days before the April 12, 2010 filing deadline, Plaintiff submitted an envelope containing his petition for certiorari in the Georgia Supreme Court to Defendant Wynn for mailing. According to Plaintiff, Defendant Wynn did not mail the package until April 13, 2010. Consequently, Plaintiff's petition for certiorari was dismissed as untimely. Then, following an unsuccessful motion for reconsideration, Plaintiff initiated the instant action. Doc. 1. In response, and after waiving service of process (Doc.11), Defendant Wynn filed the instant Motion to Dismiss.

## DISCUSSION

### Access to the Courts

As indicated above, Plaintiff's claim is that Defendant Wynn deprived him of his right of access to the courts by delaying to mail his petition for certiorari to the Georgia Supreme Court. Because the petition for certiorari is frivolous, Plaintiff's allegations about Defendant Wynn's delay in mailing it are not sufficient to support a viable access to the courts claim. As such, Plaintiff has failed to state a claim for which relief may be granted.

It is well established that the Fourteenth Amendment gives prisoners a right of access to the courts. Wilson v. Blankenship, 163 F.3d 1284, 1290 (11th Cir.1998). This right does not, however, guarantee that prisoners will be provided with "the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall

claims," but rather, assures only that they have "[t]he tools ... need[ed] in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Lewis v. Casey, 518 U.S. 343, 354-55 (1996); see also Wilson, 163 F.3d at 1290. Thus, "the limited types of legal claims protected by the access-to-courts right [are] **non-frivolous** appeals from a conviction, habeas petitions, or civil rights suits." Al- Amin v. Smith, 511 F.3d 1317, 1332 (11th Cir.), cert. denied, --- U.S. ----, 129 S.Ct. 104 (2008) (emphasis added).

In this case, Plaintiff's attempts to appeal began when he filed a motion for an out of time appeal in the trial court. In support of this motion, Plaintiff stated that he had three grounds for appeal: 1) that the state's notice of intent to seek the death penalty was untimely; 2) that the re-arraignment had no legal meaning since it did not cure the state's procedural error; and, 3) that his guilty plea was coerced by the trial court, the state, and his attorneys with the false threat that he faced the death penalty. The trial court denied his motion, and Plaintiff appealed the trial court's decision.

On review of the trial court's decision denying his motion for out of time appeal, the Court of Appeals determined that Plaintiff's first and second enumerations of error were not subject to appeal. The court observed that Plaintiff, by pleading guilty, waived his right to raise claims alleging violations of his constitutional rights that occurred prior to the plea. Because Plaintiff's first and second enumerations of error alleged violations that occurred prior to his plea, the appellate court concluded that they were appealable.

Although the appellate court found that Plaintiff's third enumeration of error was appropriate for appeal, it held that the manner in which the claim was raised by Plaintiff precluded relief. The court noted that criminal defendants in Georgia do not enjoy an unqualified right to file a direct appeal from a judgment of conviction and sentence entered on a guilty plea. See Smith v. State, 266 Ga. 687 (1996). Such appeals are authorized only if the issue raised can be resolved by facts

appearing in the record. See Morrow v. State, 266 Ga. 3 (1995). In view of this requirement, the successful appellant must demonstrate the presence of error by reference to facts in the record. In this case, with regard to his third enumerated error, Plaintiff failed to do so. Consequently, the appellate court concluded that Plaintiff's appeal was without merit.

Following receipt of this decision, Plaintiff prepared the petition for certiorari at issue in the instant case. In this petition Plaintiff again failed to demonstrate error by reference to facts in the record. For this reason, Plaintiff's petition was frivolous and its dismissal as untimely cannot properly serve as a basis for his instant claim.

## Abuse of Process

Plaintiff's claim should also be dismissed because of his dishonest response to a question on the prisoner civil complaint form concerning previous civil litigation amounts to an abuse of process. Section II of the Questionnaire for Prisoners Proceeding Pro Se Under 42 U.S.C. § 1983 is headed PREVIOUS LAWSUITS. In this section, the prisoner is required to disclose the fact of, as well as certain details about, any previously submitted federal or state court lawsuits involving the same facts involved in the present lawsuit or otherwise related to his imprisonment. In this section, Plaintiff indicated that he had never submitted any such lawsuit. Doc.1, p. 2. Later, in response to the Defendant's contention that Plaintiff had previously submitted lawsuits related to his imprisonment, Plaintiff conceded that he had filed at least one such action against the Fulton County Jail alleging a denial of dental care. Doc.16-1, p. 2. Based on this concession, it is clear that Plaintiff provided a false answer.

Rule 11(b) of the Federal Rules of Civil Procedure "forbids lying in pleadings, motions, and other papers filed with the court." Zocaras v. Castro, 465 F.3d 479, 484 (11th Cir. 2006)." Rule 11(c) provides for sanctions concerning misrepresentations made in papers filed with the court under Rule 11(b)." Id. at 490. Rule 41(b) "expressly authorizes the involuntary dismissal of a claim for

plaintiff's failure to abide by ... the Federal Rules of Civil Procedure." Id.; State Exch. Bank v. Hartline, 693 F.2d 1350, 1352 (11th Cir. 1982). In addition, "the power of a court to dismiss a claim is inherent in a trial court's authority to enforce its orders and ensure prompt disposition of legal actions." Zocaras, 465 F.3d at 490; Link v. Wabash R.R. Co., 370 U.S. 626, 630-631 (1962); Hartline, 693 F.2d at 1352.

In addition to the above, the Eleventh Circuit has indicated its approval of dismissing a case based on dishonesty in a complaint. Indeed, the court has held that when a plaintiff is dishonest about his prior litigation, his complaint should be dismissed. See Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998) (citing with approval a district court's dismissal of a lawsuit without prejudice for lying about prior litigation); Hood v. Tompkins, 197 Fed. Appx. 818, 819 (11th Cir. 2006) (upholding dismissal based on abuse of judicial process for failing to disclose prior litigation – "[T]he district court was correct to conclude that to allow [plaintiff] to then acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process."); Washington v. Al St. Lawrence, 2010 U.S. Dist. LEXIS 37554, at*4-5 (S.D. Ga. 2010) (dismissing complaint without prejudice for failing to disclose prior litigation because "there is a price to be paid for those who endeavor to mislead a court, even as to a non-material matter."); Smith v. Harrison, 2009 U.S. Dist. LEXIS 123819, at*2-4 (M.D. Ga. 2009) (dismissing complaint for failing to disclose two prior lawsuits and noting that "pro se status does not excuse [a plaintiff] from conforming to acceptable standards in approaching the courts."); Gillilan v. Walker, No. CV106-184, 2007 U.S. Dist. LEXIS 18590, 2007 WL 842020 at *1 (S.D. Ga. Mar. 15, 2007) (dismissing action without prejudice where plaintiff abused the judicial process by providing dishonest information about his prior filing history.).

In light of Plaintiff's admitted failure to provide honest answers or disclose the details of his previous Litigation, dismissal of this action is proper.

## CONCLUSION

For the reasons set forth above, **IT IS RECOMMENDED** that Defendants' Motion to Dismiss be **GRANTED** and that this action be **DISMISSED**. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 28th day of July, 2011.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge